Morning Your Honors, Dave Oppenheim here for Compressor Manufacturing in the class. I would like to reserve three minutes for rebuttal if I may. Well this is the fourth case in which this court has asked to review a similar fact pattern involving a mass fax campaign undertaken by a company called Business to Business Solutions. I believe the most recent decision was a case called Siding vs. Alco in which this court reversed the summary judgment similar to the one up here today in favor of a defendant and laid down a multi-factor test for the question of whether a fax was sent on behalf of a particular defendant which was the governing standard at the time these faxes were sent. Judge Cox here despite the fact that what we have is evidence that two employees of Manufacturing Financial Corporation Mr. Brundage and Ms. Kahn engaged Business to Business Solutions, corresponded with Business to Business Solutions, created an ad, two ads actually, one of which Ms. Kahn said was her flyer the other one was created in the first instance it appears by Business to Business but she made handwritten changes to and those were incorporated in the final version. The faxes were paid for by Mr. Brundage, everything was done from manufacturers financial premises during their business hours and everything was done for the grand scheme of generating mortgage leads for manufacturers financial businesses. This to me seems pretty clear that these faxes therefore were on behalf of Manufacturers Financial Corporation but ultimately not only did the district judge deny our motion for summary judgment which we believe should have been granted on those fax he somehow found summary judgment no question of material fact that the defendant wins. If the B2B documents are kept out just assume hypothetically since that issue wasn't decided do you still survive summary judgment? We believe so yes for one thing this court has already credited in terms of the transmission logs from B2B and so we think that the precedent set in the American Copper and Brass versus Lake City decision that that aspect of the B2B documents. But how can that be in a new case I mean that isn't it has no start res judicata effect in this case so I'm asking if those documents are kept out under 902 11 etc can you survive summary judgment? And I guess my question then to answer a question with a question would be which universe of documents are we talking about because and we're talking about on the one hand we have any transmission to be and I'm sorry I'm blanking on her name but that ran B2B Errol and Abraham yeah thank and I guess if everything because we're talking we've got we've got a stack of the transmission logs which establish what was sent into whom and that's critical and I'm not going to stand here and argue that it isn't then you've also got the correspondence between the B2B representatives and the representatives of the defendant Ms. Khan and Mr. Brundage and I think even without those documents just their testimony is enough to get through summary judgment on the on behalf of point and I guess where I was starting to go with the American Copper point is that this court and many other courts have already credited the authenticity of the same transmission logs but ultimately and I guess my conclusion is that to me it's a non-issue because rule 56 says right in it that affidavits are a credible useful appropriate as long as they would be in its state goes to evidence admissible at trial and the problem is if she's unavailable then it creates some independent issues right it might although in instances where witnesses die witnesses become unavailable it's not as though the entire legal system puts on blinders and just pretends things didn't happen but we don't let affidavits in at trial if they become unavailable true but there is plenty of precedent for letting in for example prior sworn testimony in deposition format where there was an an opportunity to cross-examine and this woman has given I want to say between 10 and 20 as such depositions did this defendant have an opportunity to cross-examine her this particular defendant didn't but other similarly situated defendants did is there any case law that we can hold this defendant accountable for someone else's well I think that under again the evidentiary rules that prior sworn testimony can come in I don't think there is any case that says that a particular defendant had to be presented the opportunity to cross-examine for it to be admissible for example a defendant's trial testimony can be used against him whether the that's obvious because that's the defendant he's participating well I guess what I'm going for is a criminal defendant gives testimony at trial in his criminal case that's available in a civil case sure but he's represented and it's represented by his own attorney there my point is you're taking a different deposition from a different case and using it against this defendant and they weren't a party to that case and ultimately I understand the concern and that's an issue that may have to be reached down the road I don't think it's an issue that is been ripe and fully developed for this court but rule 56 allows for affidavits as long as they speak to something that can come into evidence I've presented a hypothetical way that it could miss Abraham may suddenly become available if she's not in hiding or is she in hiding or why is she unavailable she's been having all sorts of medical issues and that's why she's been ducking subpoenas and the District Court in New York essentially excused her because of whether somebody else from B2B could be brought in to give the same pretty unremarkable testimony that yes these are records of ours and ultimately there's also the fallback and I know the criticism there too that expert witnesses are allowed to rely on things that aren't necessarily things that get admitted on their own and here we have Mr. Biggerstaff the expert that's reviewed all these records the transmission logs at least and said I credit these these appear to be to be accurate and here's my conclusion there's no countervailing expert in this case so I see that I do have some time remaining but if there aren't any further questions I'll reserve it for I don't think you get to add it on to your rebuttal time. Fair enough. Thank you. If it please the court William A. Roy of the law firm of Roy Schecter and vote on my first point obviously in this argument was to talk about Carolyn Abraham. Carolyn Abraham is a crucial witness in this case. Without Carolyn Abraham they had to tell Mr. Berwick the president of compressor engineering which facts he got. He doesn't remember getting a fax so counsel had to say this is the facts you got Mr. Berwick and that was from Mrs. Abraham's records without those records I mean this case goes poof I mean there's just nothing there and as we have pointed out she is an unavailable witness under 803 she's in the same category as if she was deceased you know and yeah she's alive well she's alive and and we tried to take her deposition twice first of all pursuant to a subpoena and she did not show for the subpoena and then the counsel went and got an order to compel from the Southern District in New York she didn't show for that now I was served with nothing showing that the the court let her out of it for for medical reasons all I was we shouldn't be the the decision maker in the first instance about the admissibility of Miss Abrams statements should we well if you're reviewing this record de novo then if you see where a party cannot produce admissible evidence to form the foundation of their case I would think that summary judgment would be appropriate most appropriate they presented in a form that would be admissible if she showed up at trial so what do we do with that like what if she had to wait till trial and then dismiss the case well we're talking about a lot of a lot of cost that would have to be incurred by by my client this defunct corporation that I represent and basically representing the individual who has to foot the bill here no it's just not it is just not equitable to I understand that and maybe you're right on the equities but I thought the rule is that if they present it in an admissible form at summary judgment the district court has to accept it and then rule if there's a material issue of fact well under federal rule so procedure 56 c2 you are entitled as a party to object that that evidence can't be presented to the court of trial in an admissible form and if Carolyn Abraham is but there's nothing wrong with the certification of business records right well she would have to come in and testify to that why it just says you have to challenge him and you can challenge him it doesn't say you can cross-examine her so you could challenge the records I could challenge the the fact that you know she would be the foundation an individual has to come in and testify in order to get records into into evidence that's always been the case the records just don't mysteriously you say I found these records somewhere somebody has to say they're mine and and they are business I thought she said that in the certification well in that in that in her declaration she she certainly said that but we just know that she's unavailable and refused to testify they preserved her testimony and numerous other cases that counsel has pointed out but they didn't do it in this one and what came to kind of time to certify her her testimony she refused to come and you know when you get to a summary judgment and you know the court says this is your your you know motion cut off you know you have to have a case you could present to a jury and they just don't have that with all of these records didn't the district court not answer this question and assume all this comes in don't they have enough to withstand summary judgment well he did not answer the question right but isn't judge Gibbons right that if we disagree on the totality of the record he should make that decision in the first instance well perhaps he should I mean but I figured it since we were reviewing the record de novo that you know this this court certainly can can make that decision for it but turning to the paucity of evidence that has been submitted in this case I still think even if those records came in we don't you know we don't have a question of fact here only five living human beings have been identified by name in any of these documents and one of them is Richard Stevens my client and he says this never happened I never authorized this Julia Khan who says I don't remember any of these documents at the time that that these documents were being promulgated I couldn't even speak English very well she's an immigrant from Russia I thought she identified her handwriting on one of the documents yeah one of the documents another one she doesn't identify her documents you agree that handwriting changes ultimately made it into the document that was faxed there was one document but I do want to found a record 137 for in the pages 5099 and 5101 and that document is was very interesting and when I read it over the other day I said what because Julia Khan says that she is sending that on behalf of Charity Marketing Services so she's not an employee of manufacturers when she's sending that document on its I mean we don't have any testimony from anybody because she doesn't remember it but that document says that the responsible party is come Charity Marketing Services it gives the charity marketing the evidence is only did work on behalf of MFC correct no no Charity Marketing Services there's a charity marketing and there's a charity marketing services charity marketing services is owned by mr. Brundage who is deceased and we did not hear from him we don't know what he was doing all the fact that that he was doing all his his dastardly deeds on behalf of manufacturers is pure speculation because we don't know what he's got to say the only witness they called he had a somebody that set up the corporation for me if I go man who said I'm a patsy and I don't know very much and you know that that testimony is certainly not going to carry them past a summary judgment so we have and then we have two and we don't know who they are nobody testified who these guys were so you know we really don't have a live witness that can really tie these faxes into manufacturers and also we have to look at the fact that the district court found and they did not appeal the mr. Stevens the district court found that Stevens didn't have any knowledge of this and didn't didn't authorize it those those findings have not been appealed they are established for the manufacturers that has authority under all the testimony we have doesn't have any knowledge of it then how can manufacturers have ever approved this fax campaign you know the council reiterated again he says you know this is all the was all the doing of Brundage the dead guy and Khan who can't speak English you know and you know Khan even admitted that I would have to run any advertising by mr. Stevens before I would send it out and Stevens doesn't never did that and you know Khan never said she ran anything by Stevens so we have the one person and Stevens did say that he had he had hired marketing people in the past they did not ever pin him down as to when any of these he had hired any of these people so they did not pin it down to this particular fax it's just they just don't they just don't get there with any of their testimony they have these documents they have they have exhibit two which says that these documents are being sent on behalf of charity marketing services Brundage's outfit they have the check the check charity marketing services Brundage's outfit non-party paid the bill for these faxes not manufacturers and you know we have a couple of them sent on manufacturers fax but once again no testimony that Richard Stevens you know you know permitted the use of his fax for that purpose I mean they just have not pinned down their case in a way that that you know it should be pinned down I mean you know we've we've all tried cases and you know I've you know been the recipient of a summary disposition but summary judgment motions in federal court where you know I could not you know come up with a with what you know one of the operative facts I needed to prove my case and you know you suffer the the consequences we know in this case that you know it is controlled by citing an installation that you know we you know he has to show that it was sent on behalf of manufacturers the other interesting a point in this case is that there was two faxes sent out in this case and compressor engineering received one of the faxes and that fax does not have manufacturers name on it doesn't have manufacturers telephone number address it does not even advertise programs that manufacturers was engaged in it says licensed in 37 states which would indicate that you know the this whoever was sending this fax I'll probably Brundage was trying to you know get get leads they talked about leads being purchased from manufacturers we don't have evidence of one lead they can't point to one lead the manufacturers pointed out to you know we just come up with nothing every time we you know try to you know pin down a fact in this case there's not enough testimony or documentary evidence to do that so that's why you know we think that you know as is the court this court pointed out in Street versus JC Bradford you know when it's so one-sided you know that you know one side has to be favored and sober judgment is is appropriate so I think that you know the defendant or in the plaintiff here has you know failed to meet their burden to even create a question of fact in this case and we don't even know whether they can even bring any evidence in to support any of the underlying documents and I think the district court should be affirmed if the court panel has any questions doesn't appear to there are any other questions all right thank you thank you honors if I could just raise a couple points briefly with request respect to the evidentiary issues I think this truly is a cart before the horse situation these declarations as they exist in the current record are clearly sufficient for rule 56 purposes in fact I think that these declarations are something incredibly similar to them was what this court credited when deciding the Lake City case and the Alco case and also in half versus Al Pacino which I didn't bring up earlier ultimately there may be an issue at trial in terms of procuring a witness to authenticate business records but we'll cross that bridge when we come to it and there's nothing magical about Carolyn Abraham what about their point about the inequity that creates going forward if it looks like you cannot produce her at trial and that will be essentially the bomb that sinks the ship well number one I don't think there is any bomb that sinks the ship for the reason I just stated because I don't think there's anything magical about can anyone else get in speed to B's records sure Jason Abraham her son and there may be there may be some other individual you subpoena Jason Abraham and get hit up his deposition probably did you know we did not I'm sorry I thought it could no no he was not subpoenaed at this point we have the declaration and it is what it is but ultimately we're talking about rule 56 versus ultimately what happens at trial and with respect to the evidence of who did this Fiegelman testified that CMS existed and was set up by Stevens in part to generate leads for manufacturers financial and in fact the reason that it started in manufacturers financials premises and the reason that it moved was because Stevens told him to move so I don't think that it's this separate thing that council would like to portray it as and the fact that the president doesn't remember specifically this campaign doesn't sink the case I mean ultimately that was the 11th circuit and Saris so really what we're dealing with is testimony that one of these faxes was ms. Kahn's flyer the other one had the MFC MFC logo these are their faces thank your honors we appreciate the arguments both of you made and we'll consider the case carefully